IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JASON C. MILLS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-563-SLR |
| | : | |
| **THOMAS C. CARROLL**, | : | |
| Warden, and **JOSEPH R. BIDEN, III**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In June 2005, the petitioner, Jason C. Mills, was convicted by a Delaware Superior Court jury of criminal impersonation and possession of a firearm and ammunition by a person prohibited. *See State v. Mills*, 2006 WL 2270857, *1 (Del. Super. Ct. Aug. 7, 2006). Mills was acquitted of five additional drug and weapons charges. *See* Del. Super. Ct. Crim. Dkt. in ID No. 0403010565. In September 2005, Mills was sentenced to five years of mandatory incarceration followed by probation. Mills' conviction and sentence were affirmed on direct appeal. *Mills v. State*, 2006 WL 1027202 (Del. Apr. 17, 2006).

In May 2006, Mills applied *pro se* for postconviction relief under Superior Court Criminal Rule 61. Superior Court denied the motion in August 2006. *Mills*, 2006 WL 2270857 at *4. Mills did not appeal Superior Court's denial of his postconviction motion. Mills' federal habeas petition is dated September 10, 2006. D.I. 1.

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III, assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

Facts

As recited by the state supreme court in *Mills*, 2006 WL 1027202 at *1, the relevant facts leading to Mills' arrest and conviction were as follows:

> On March 12, 2004, Mills was a front-seat passenger in a vehicle operated by Kathleen Kienle. New Castle Police stopped the vehicle for speeding. Officer Burke approached the vehicle on the passenger side and asked both Kienle and Mills for identification. Mills identified himself as Clinton King and produced a Delaware State Identification Card in that name. Officer Burke noticed several handgun brochures on the floorboard at Mills' feet. It appeared that Mills was trying to kick the brochures under the seat out of view. A computer check revealed that there was an outstanding arrest warrant for Kienle. Officer Burke arrested Kienle and asked Mills to step out of the vehicle. Officer Burke questioned Mills about the handgun brochures, but he denied any knowledge of them. Kienle told [] Officer Burke that her bracelet had come lo[o]se and asked him to put it in her purse in the car. Officer Burke did so and found packages of crack cocaine in her purse. M[s]. Kienle told Officer Burke and testified at trial that the cocaine belonged to Mills. A search of the trunk of the car revealed a handgun and ammunition. Kienle told Officer Burke and testified at trial that she had bought the handgun and ammunition for Mills.

Discussion

In his petition for federal habeas relief, Mills raises four grounds for relief: (1) prosecutorial misconduct because a prosecution witness, Kathleen Kienle, revealed information concerning Mills' criminal history and she perjured herself; (2) judicial misconduct in attempting to "cover up" the witness's bad act through a curative instruction to the jury; (3) judicial misconduct because the trial judge admitted that the prosecution witness tainted the jury and tried to cover up by "theatrical impact"; and (4) ineffective assistance of trial counsel for failing to argue that Mills did not have knowledge of the ammunition purchased by Kienle and thus Mills could not have been in possession of the ammunition. (D.I. 1 at 6-11). Mills' claims, however, are unavailing.

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Mills did not present his claims to the state supreme court on direct appeal, in his postconviction motion, or on appeal from the denial of his postconviction motion, and thus his claims are unexhausted.[2] *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Mills is excused from the exhaustion requirement with respect to these claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. If Mills now tried to raise these claims in state court in a second postconviction motion, the claims would be barred under Superior Court Criminal Rule 61(i)(2) because Mills did not raise the

---

[2] On direct appeal, Mills presented two claims: that his seizure leading to his arrest was unlawful, and that the Superior Court violated his right to speedy trial. *Mills*, 2006 WL 1027202 at *1. In his postconviction motion, Mills presented four claims: his counsel was ineffective for improperly refusing and failing to have illegally seized evidence suppressed; his counsel was ineffective for filing a motion to withdraw representation; Mills' due process rights were violated because his arrest was unlawful in that a speeding citation was not issued to the driver of the car in which he was a passenger (speeding was the stated reason for the stop); and the store owner who sold the gun to the driver called police to have the driver and Mills arrested. *Mills*, 2006 WL 2270857 at *1.

3

claims in his first postconviction motion.  *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 510 (D. Del. 2003).  In addition, Mills' claims (other than his ineffectiveness of counsel claim) would also be barred under Criminal Rule 61(i)(3) for failure to have raised the claims on direct appeal of his conviction.  *See id.* at 512-13.

Thus, because there is no available state remedy, Mills is excused from the exhaustion requirement.  *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997).  Although deemed exhausted, such claims are still considered to be procedurally barred.  *Lines*, 208 F.3d at 160.  Thus, because Mills procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for his procedural default in the state courts and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claims.  *See Coleman*, 501 U.S. at 750-51; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513.  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules.  *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986).  To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982).

Mills has alleged ineffective assistance of counsel as cause for his procedural default in the state courts. *See generally* D.I. 1. Mills, however, acting *pro se* in his postconviction proceedings, failed to appeal the denial of his Rule 61 postconviction motion. *See White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006) (where petitioner presented his Rule 61 motions pro se, ineffective assistance of counsel is not cause for the default). Moreover, Mills has failed to allege cause for his failure to include his claims in his *pro se* state postconviction motion or his failure to appeal to the Delaware Supreme Court from the denial of his postconviction motion, and the claims can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 501; s*ee also Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Carrier*, 477 U.S. at 488-89 (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted). Finally, petitioner's lack of legal knowledge also fails to constitute cause. *White*, 416 F. Supp. 2d at 282. In the absence of cause, this Court is not required to address the issue of prejudice. *White*, 416 F. Supp. 2d at 282. Moreover, the miscarriage of justice exception does not apply because Mills has not alleged any facts to establish his actual innocence. *See Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--- that was not presented at trial.").

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that transcripts of Mills' preliminary hearing (March 19, 2004) and trial (June 23, 24, 28 & 29, 2005) have been prepared. In the normal course of business, Mills' sentencing (Sept. 9, 2005) would have been recorded, but the transcript does not appear to have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. No affidavits appear to have been filed by petitioner's trial or appellate counsel in response to allegations of ineffective assistance of counsel raised in Mills' postconviction motion.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date: February 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on February 9, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

    Jason C. Mills
    SBI No. 367691
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    /s/ Elizabeth R. McFarlan
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8500
    Del. Bar. ID No. 3759
    elizabeth.mcfarlan@state.de.us