IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JASON C. MILLS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-563-SLR |
| | : | |
| **THOMAS C. CARROLL**, | : | |
| Warden, and **JOSEPH R. BIDEN, III**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respondents move to alter or amend the October 16, 2007 order of the Court dismissing the petition for a writ of habeas corpus:

1.  In June 2005, the petitioner, Jason C. Mills, was convicted by a Delaware Superior Court jury of criminal impersonation and possession of a firearm and ammunition by a person prohibited. He was subsequently sentenced to five years of mandatory imprisonment, followed by probation. Mills' convictions and sentence were affirmed on direct appeal. *Mills v. State*, 2006 WL 1027202 (Del.). In May 2006, Mills applied *pro se* for postconviction relief under Superior Court Criminal Rule 61. Superior Court denied the motion in August 2006. *State v. Mills*, 2006 WL 2270857 (Del. Super. Ct.). Mills did not appeal Superior Court's denial of his postconviction motion.

2.  In a petition dated September 10, 2006, Mills applied for federal habeas relief, raising four claims. D.I. 1. None of those claims had been presented to the state supreme court either on direct appeal or on appeal from the denial of his first postconviction motion (because

Mills did not appeal that decision). In February 2007, state prosecutors filed an answer to the petition, contending that Mills' claims were procedurally barred and should be dismissed. D.I. 11. In June 2007, Mills filed a second state postconviction motion. That motion was denied on August 8, 2007. *State v. Mills*, 2007 WL 2412240 (Del. Super. Ct.). Once again, Mills failed to appeal from the Superior Court decision.

        3.        On October 16, 2007, the Court found Mills' claims in his federal habeas petition to be procedurally defaulted. *Mills v. Carroll*, Civ. Act. No. 06-563-SLR, mem. op. at 6 (D. Del. Oct. 16, 2007). In determining that Mills' claims were procedurally defaulted, the Court noted that Mills attempted to establish cause for his procedural default "by blaming counsel for not raising the first three claims on direct appeal and also for not providing petitioner with the trial transcript until after the appeal was decided." *Mills*, mem. op. at 5. The Court explains that Mills asserted this last issue of counsel's performance in his second postconviction motion, but that "the Superior Court denied the claim as both time barred and procedurally barred under Rule 61(i)(1) and (2)." *Id*. (citing *Mills*, 2007 WL 212240 at *1-2). The Court then went on to say that "[b]y applying the procedural bar of Rule 61(i)(1) and (2), *the Delaware Supreme Court articulated a 'plain statement' under* <u>Harris v. Reed</u>*, 489 U.S. 255, 263-4 (1989) that its decision rested on state law grounds*." *Mills*, mem. op. at 5 (emphasis added).

        4.        The Delaware Superior Court criminal docket reveals that Mills did not appeal from Superior Court's denial of his second Rule 61 postconviction motion. Thus, the Delaware Supreme Court did not articulate any statement in this case, for the obvious reason that there was no appeal. Mills' claims remain unexhausted, but procedurally defaulted (thus excusing Mills from the exhaustion requirement). *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del.

1998). Even if Mills had raised all his ineffective assistance claims in his first Rule 61 postconviction motion, because he failed to appeal from the denial of that motion, those claims remain unexhausted and as such can not constitute cause for any procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). Finally, because Mills filed his postconviction motions *pro se*, he cannot assert ineffective assistance of counsel as cause for his failure to appeal from the denial of his postconviction motions. *White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006). Accordingly, respondents respectfully request the Court to amend the language in the October 16 Memorandum Opinion to reflect that Mills failed to appeal his second Rule 61 postconviction motion, and that, as a result, Mills' attempt to establish cause for his earlier procedural default by means of a second postconviction motion was ultimately futile.

     5.    For the foregoing reasons, the motion to amend the decision of the Court issued October 16, 2007 should be granted.

                                                       /s/ Elizabeth R. McFarlan  
                                                     Deputy Attorney General  
                                                     Department of Justice  
                                                     820 N. French Street  
                                                     Wilmington, DE 19801  
                                                     (302) 577-8500  
                                                     Del. Bar. ID No. 3759  
                                                     elizabeth.mcfarlan@state.de.us

Date: October 26, 2007

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 26, 2007, I electronically filed a notice of filing of state court records with the Clerk of Court using CM/ECF and manually filed the state court records referenced therein.  I also hereby certify that on October26, 2007, I have mailed by United States Service, two copies of the notice and one copy of the documents referenced therein to the following non-registered participant:

    Jason C. Mills
    SBI No. 367691
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    /s/ Elizabeth R. McFarlan
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8500
    Del. Bar. ID No. 3759
    elizabeth.mcfarlan@state.de.us