IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON C. MILLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-563-SLR |
| | ) | |
| THOMAS L. CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

At Wilmington this 6th day of November 2007, having reviewed respondents' motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e);

IT IS ORDERED that said motion (D.I. 18) is granted for the reasons that follow:

1. A Rule 59(e) motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194,

1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D.Del. 1990).

2. Here, respondents do not ask the court to amend the actual judgment rendered in the court's memorandum opinion dated October 18, 2007. (D.I. 16) Rather, respondents point to an error in the court's analysis regarding petitioner's attempt to establish cause for his procedural default of habeas claims one, two, three, and four. For example, in its memorandum opinion, the court states that petitioner attempted to establish cause for his procedural default "by blaming counsel for not raising the first three claims on direct appeal and also for not providing petitioner with the trial transcript until after the appeal was decided." Mills, mem. op. at 5. The court then explains that petitioner presented the issue of counsel's failure in his second Rule 61 motion, but that the "**Superior Court** denied the claim as both time barred and procedurally barred under Rule 61(i)(1) and (2)." Id. (emphasis added). The error occurs in the court's next statement that "[b]y applying the procedural bar of Rule 61(i)(1) and (2), the **Delaware Supreme Court** articulated a plain statement under Harris v. Reed, 489 U.S. 255, 263-4 (1989) that its decision rested on state law grounds." Mills, mem. op. at 5 (emphasis added). However, as indicated in the facts of the memorandum opinion and, as expressly stated in the respondents' motion for reconsideration, petitioner did not appeal the Superior Court's denial of his second Rule 61 motion.[1] Thus, because the Delaware Supreme Court never articulated a plain

---

[1] The court's error was due to mistakenly inserting the term "Delaware Supreme Court" in the sentence, instead of the term "Superior Court," which resulted in the

2

statement regarding Rule 61, respondents correctly assert that petitioner's procedural default of the ineffective assistance of counsel allegation cannot be explained by the "independent and adequate" state procedural rule doctrine.

 3. Instead, petitioner's ineffective assistance of counsel allegation is procedurally defaulted because he never presented said claim to the Delaware Supreme Court on post-conviction appeal, and petitioner did not demonstrate cause and prejudice with respect to that procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451-54 (2000). Accordingly, the ineffective assistance of counsel claim cannot constitute cause for petitioner's procedural default of claims one through four. Id.

 4. The court will revise the language regarding petitioner's attempt to establish cause for his procedural default of claims one, two, three, and four in an amended memorandum opinion filed the same day as this memorandum order.

_____<br>
UNITED STATES DISTRICT JUDGE

---

court's misstatement that petitioner's procedural default of his ineffective assistance of counsel claim was due to the Delaware Supreme Court's application of an independent and adequate state procedural rule, namely, Delaware Superior Court Criminal Rule 61.

3