IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON C. MILLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-563-SLR |
| ) | |
| THOMAS L. CARROLL, ) | |
| Warden, and JOSEPH R. ) | |
| BIDEN, III, Attorney ) | |
| General of the State of ) | |
| Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

Jason C. Mills. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

### AMENDED MEMORANDUM OPINION**

November 6, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, Judge

## I. INTRODUCTION

Presently before the court is petitioner Jason C. Mills ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, a Delaware Superior Court jury convicted petitioner of criminal impersonation and possession of a firearm and ammunition by a person prohibited. See State v. Mills, 2006 WL 2270857, at *1 (Del. Super. Ct. Aug. 7, 2006). The Superior Court sentenced petitioner to five years of mandatory incarceration followed by probation. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence. Mills v. State, 2006 WL 1027202 (Del. Apr. 17, 2006).

In May 2006, petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting three claims: (1) counsel provided ineffective assistance by improperly refusing to file a motion to suppress illegally seized evidence; (2) counsel provided ineffective assistance by filing a motion to withdraw as petitioner's counsel; and (3) petitioner's due process rights were violated because the driver of the car in which he was a passenger was not cited for speeding and because the store owner who sold the gun to the driver called police to have the driver and petitioner arrested. State v. Mills, 2006 WL 2270857 (Del. Super. Ct. Aug. 7, 2006). The Delaware Superior Court denied petitioner's Rule 61

1

motion in August 2006, and petitioner did not appeal that decision.

Thereafter, in June 2007, petitioner filed a second Rule 61 motion alleging six grounds for relief: (1) counsel failed to provide petitioner with trial transcripts during the preparation of his direct appeal; (2) counsel failed to consult petitioner while preparing for petitioner's direct appeal and counsel also failed to raise certain issues on appeal; (3) counsel did not object to the State's exclusion of a juror based on race; (4) the prosecutor improperly questioned a State's witness as to petitioner's criminal history after the trial court held that petitioner's criminal history was excluded under DRE 404(b); (5) the trial judge improperly gave a curative instruction regarding the reference to petitioner's criminal history by the State's witness despite its prior ruling that petitioner's prior criminal history should be excluded; and (6) the trial judge's improper curative instruction prejudiced petitioner's right to a fair trial. State v. Mills, 2007 WL 2412240 (Del. Super. Ct. Aug. 8, 2007). The Superior Court denied petitioner's second Rule 61 motion as time-barred under Rule 61(i)(1) and procedurally barred by Rule 61(i)(2). The Superior Court also held that the prosecutorial misconduct claims and the judicial misconduct claims were barred by Rule 61(i)(3). Id.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges

to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has

3

probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's timely filed application presents the following four claims for relief: (1) prosecutorial misconduct for failing to object to the perjury committed by the prosecution's witness and for permitting the witness to reveal information about petitioner's criminal history; (2) judicial misconduct stemming from the trial judge's attempt to "cover up" the witness' bad act by giving a curative instruction to the jury; (3) judicial misconduct stemming from the judge's admission that the prosecution tainted the jury and tried to cover it up by "theatrical impact"; and (4) ineffective assistance stemming from counsel's failure to argue that petitioner could not have been in possession of the ammunition because petitioner did not know that the prosecution's witness had purchased such ammunition. (D.I. 1, at 6-11) In its answer, the State contends that the court should deny all four claims as procedurally barred. (D.I. 11)

4

The record reveals that petitioner did not present claims one through four to Delaware Supreme Court on direct appeal, or on post-conviction appeal of his first Rule 61 motion, and therefore, the four claims are unexhausted. At this juncture, Delaware Superior Court Criminal Rule 61(i)(2) would bar petitioner from presenting all four claims to the Delaware state courts in a new Rule 61 motion, and Rule 61(i)(3) would also bar petitioner from presenting claims one, two, and three in a new Rule 61 motion. See Lawrie v. Snyder, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding); Bright v. Snyder, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3) would bar the Superior Court from considering the claim because petitioner did not raise the claim in the proceedings leading to his conviction). Consequently, claims one through four are procedurally defaulted, and the court cannot review their merits absent a showing of cause and prejudice, or that petitioner is actually innocent.

Petitioner attempts to establish cause for his default of claims one, two, three, and four by blaming counsel for not raising the first three claims on direct appeal and also for not providing petitioner with the trial transcript until after the appeal was decided. Petitioner asserted this particular issue of counsel's performance in his second Rule 61 motion, and the Superior Court denied the claim as both time barred and procedurally barred under Rule 61(i)(1) and (2). Mills, 2007 WL 212240, at *1-*2. **However, because petitioner did not appeal the Superior Court's denial of his second Rule 61 motion, this particular allegation of ineffective assistance is itself unexhausted and procedurally defaulted, and cannot excuse petitioner's procedural default of claims one through four absent a showing of cause and prejudice. (D.I. 18); See Edwards v.

5

Carpenter, 529 U.S. 446, 451-54 (2000).** Petitioner does not provide any reason for his failure to present the instant allegation regarding counsel's performance in his first Rule 61 motion, nor does he demonstrate any prejudice resulting from such default. As a result, counsel's performance cannot excuse petitioner's procedural default of claims one, two, three, and four.

In the absence of cause, the court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will dismiss claims one, two, three, and four as procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. See Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its

6

procedural ruling. Slack, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.